**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RALPH SANDERS**                                                              **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 4:07cv117-LRA**

**LARRY MYERS, JAMIE HORNE,
UNKNOWN HARDY AND HEATHER McADORY**         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Ralph Sanders [hereinafter "Plaintiff"], *pro se,* and Michael Jeffrey Wolf, attorney for Jamie Horn and Heather McAdory [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 19th day of August, 2008, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitated the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. Defendants Heather McAdory and Jamie Horne have now filed a "Motion for Qualified Immunity" [#30]. Plaintiff has not filed a response to the motion, but his sworn testimony is being considered in response to the motion. Process has not been served on Defendant "Unknown" Hardy or Larry Myers.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 29] entered by Chief District Judge Henry T. Wingate on September 30, 2008. After due consideration of the Complaint, as augmented by Plaintiff's sworn testimony in the omnibus hearing, as well as the assertions and authorities discussed in Defendants' motion, the Court does hereby find that Plaintiff's claims are not supported by a factual or legal basis pursuant to 28 U.S.C. §1915A. The claims are frivolous[1] and fail to state a claim on which relief

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)

may be granted. Furthermore, these Defendants are immune from liability under the circumstances set forth by Plaintiff.

## I. Factual Background

Plaintiff Ralph Sanders was incarcerated in the Neshoba County Jail as a pretrial detainee from August 15-18, 2007. Defendant Horne was the jailer there, and Defendant Heather McAdory was the shift supervisor at the jail. Plaintiff also named Sheriff Larry Myers and "unknown" Hardy, a jailer, as Defendants, but process could not be served by the United States Marshals Service on these Defendants. Plaintiff requested to dismiss Mr. Hardy at the omnibus hearing, as Mr. Hardy was just "following instructions."

Plaintiff contends that he had an asthma attack while housed at the jail and asked Defendant Hardy to take him to the hospital. He had been on medication but did not have it with him at the jail. Defendant McAdory sent him back to his cell and told Defendant Hardy that the next shift could handle his asthma attack. His attack lasted one and one-half hours.

Plaintiff also contends that his cell and the floor were filthy, he was provided no mattress or pillow, and the sheets were dirty. Further, he found a hair in his food, and the trustee serving the food wore no gloves.

According to Plaintiff, Horne did not respond to his grievances and "talked ugly to him." The Sheriff was in charge of the jail and did not do

anything to help.  He never received a response from his grievances even after he got home from the jail.

At the omnibus hearing, Plaintiff conceded that he fully recovered from his asthma attack and that he had no permanent injury.  Further, he sought no further treatment for his medical condition after being released from the jail within a few hours after the attack.

## II.  Rule 12(b)(6) Standard of Review

In effect, Defendants' "Motion for Qualified Immunity" is recognized by the Court as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  The standard of review for such a motion is that the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  *See* In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).

The same standard of review is applied "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

### III. Legal Analysis

All of Plaintiff's claims are based upon theories of **negligence**, even though he attempts to couch them as violations of his Eighth Amendment right to be free from cruel and unusual punishment. 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 414 U.S. 344 (1986); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The Fifth Circuit Court of Appeals has clearly stated that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006), citing Mendoza v. Lynaugh, 9889 F.2d 191, 193 (5th Cir. 1993).

Plaintiff contends that his confinement conditions violated the United States Constitution. In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of

5

damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998). Plaintiff has failed to articulate any conditions which would meet these requirements.

In this case, Plaintiff was released from jail within a matter of hours after his asthma attack. He suffered no permanent injury, according to his own testimony. Defendants chose not to provide him medical care upon his request; their failure to take him to the doctor did not result in any serious harm. Under these circumstances, no "deliberate indifference" to a serious medical need can be established. Although a pretrial detainee is entitled to "reasonable" medical care, Plaintiff's own testimony establishes that no medical care was necessary. The conditions he complains of in the jail resulted in no serious health threat, and he was only housed there for three days. No constitutional claim regarding his conditions of confinement has

damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998). Plaintiff has failed to articulate any conditions which would meet these requirements.

In this case, Plaintiff was released from jail within a matter of hours after his asthma attack. He suffered no permanent injury, according to his own testimony. Defendants chose not to provide him medical care upon his request; their failure to take him to the doctor did not result in any serious harm. Under these circumstances, no "deliberate indifference" to a serious medical need can be established. Although a pretrial detainee is entitled to "reasonable" medical care, Plaintiff's own testimony establishes that no medical care was necessary. The conditions he complains of in the jail resulted in no serious health threat, and he was only housed there for three days. No constitutional claim regarding his conditions of confinement has

damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998). Plaintiff has failed to articulate any conditions which would meet these requirements.

In this case, Plaintiff was released from jail within a matter of hours after his asthma attack. He suffered no permanent injury, according to his own testimony. Defendants chose not to provide him medical care upon his request; their failure to take him to the doctor did not result in any serious harm. Under these circumstances, no "deliberate indifference" to a serious medical need can be established. Although a pretrial detainee is entitled to "reasonable" medical care, Plaintiff's own testimony establishes that no medical care was necessary. The conditions he complains of in the jail resulted in no serious health threat, and he was only housed there for three days. No constitutional claim regarding his conditions of confinement has

been stated, and the Court finds that Plaintiff's complaint is frivolous under 28 U.S.C. § 1915A.

Defendants contend that they are entitled to qualified immunity from suit. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Gobert, 463 F.3d at 345. The immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and whether the official's actions violated that right to the extent that an objectively reasonable person would have known. Id., omitting citation.

As discussed above, Plaintiff's assertions in this case are only those of neglect; Plaintiff has alleged no constitutional violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Defendants are immune from this suit and should be dismissed.

## IV.  Conclusion

For the reasons discussed herein, Defendants' "Motion for Qualified Immunity" [#30], filed February 23, 2009, is hereby **granted**, and the complaint is dismissed with prejudice.  Plaintiff's suit is frivolous under 28 U.S.C. 1915A and fails to state a claim upon which relief could be granted.  A Final Judgment in favor of all Defendants will be entered on today's date.

SO ORDERED, this the 24th day of July, 2009.


                                              S/Linda R. Anderson  
                                      UNITED STATES MAGISTRATE JUDGE